# EXHIBIT B

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

KIMBERLY FOGLIA,

    Plaintiff,

v.                                  Case No: 19-    -CD
                                    HON.

BEAUMONT HEALTH,

    Defendant.

---

THE CORTESE LAW FIRM, PLC
Nanette L. Cortese (P43049)
Attorney for Plaintiff
8071 Main St, Suite B
Dexter, Michigan 48130
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

There are not currently any pending actions in this or any other Court arising out of the same transactions or occurrences giving rise to this Complaint.

---

NANETTE L. CORTESE (P-43049)

NOW COMES the Plaintiff, Kimberly Foglia, by and through her attorneys The Cortese Law Firm, PLC, and for this his Complaint states as follows:

### I.    JURISDICTIONAL AVERMENTS

1. Plaintiff Kimberly Foglia is a resident of Wayne County, Michigan.

2. Defendant Beaumont Health is a Michigan Corporation which is located in and conducts business in Wayne County.

3. The events giving rise to this cause of action occurred in Wayne County, Michigan.

4. There is in excess of $25,000 in controversy and venue and jurisdiction are proper in this Court.

1

5. Plaintiff has filed this lawsuit within 90 days of being issued a Right to Sue letter by the United States Equal Employment Opportunity Commission.

## II. FACTUAL BACKGROUND

6. Plaintiff reincorporates and re-alleges the above stated paragraphs as though more fully stated herein.

7. Kimberly Foglia was employed by Beaumont Health ("Beaumont") as a Nursing Assistant since October 2010.

8. Ms. Foglia has a disability, having been diagnosed with medullary carcinoma, as have her children.

## COUNT I – VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

9. Plaintiff reincorporates and re-alleges the above stated paragraphs as though more fully stated herein.

10. Plaintiff Kimberly Foglia was subject to a hostile work environment harassment based on her disability, including, but not necessarily limited to, from a co-worker Ruth Long, in violation of the Michigan Persons with Disabilities Civil Rights Act.

11. The comments made by Ruth Long relating to Kimberly Foglia's disability included, but were not necessarily limited to, comments to the effect of:

    A. Oh, you finally made it to work.
    B. You finally decided to work.
    C. Oh, Kim has another doctor's appointment, that's why she can't come to work.
    D. She's saying it's terminal, she's awfully young to be terminal.
    E. Made statements regarding Kimberly Foglia and her children being diagnosed with cancer to the effect of, "it's a coincidence you all now have cancer."

    F. Made comments to the effect that Kimberly Foglia was too young to have cancer.

    G. When Kimberly Foglia returned after having surgery on her neck with scars, Ruth Long made a comment to the effect that Kimberly looked like Frankenstein.

    H. Ruth Long also made comments to Kimberly Foglia to the effect of "she had the good kind of cancer."

12. Kimberly Foglia also experienced that when she would be assigned to Ruth Long that Ruth Long would essentially "go on strike" and would not do any work making Kimberly Foglia do all of the work.

13. Ruth Long would follow Kimberly Foglia to the bathroom, hide behind the door, hide behind curtains and look to see what Kimberly Foglia was doing.

14. After Kimberly Foglia was diagnosed with cancer, Ruth Long's bullying and targeting became much worse.

15. All of the above comments were sufficiently severe and pervasive to have the effect of subjecting Plaintiff Kimberly Foglia to a hostile work environment based on her disability.

16. The harassment which she experienced based on her disability impacted Kimberly Foglia's work. Kimberly Foglia was a contingent Nurse Assistant and after Ruth Long made it a practice to subject her to a hostile work environment based on her disability, she requested less days and hours in order to avoid having to work with Ruth Long.

17. Kimberly Foglia made her manager Teri Gray aware that Ruth Long was targeting her.

18. There had been an incident in September 2017 which Kimberly Foglia reported to Human Resources on September 18, 2017 when Ms. Long vigorously shook her closed fist with a pointed finger in Ms. Foglia's face.

19. Kimberly Foglia made a report to David Squire in Human Resources in or about September 2017, where there had been an incident where Ruth Long had gotten in Kimberly Foglia's face waving her finger in Kimberly Foglia's face and sputtering at Kimberly Foglia.

20. After Kimberly Foglia's complaints about Ruth Long to Human Resources in September, 2017, Ruth Long was suspended but reinstated.

21. After she was reinstated, Ruth Long referred to the Union as her "army".

22. There was an incident of April 4, 2018 when Ms. Long stated to Ms. Foglia "payback". Ms. Foglia made a report of the incident to the Police.

23. Ruth Long's employment with Beaumont was ultimately terminated after the incident of April 2018.

24. Beaumont was on notice regarding the harassment of Kimberly Foglia by Ruth Long based on Kimberly Foglia's disability. Kimberly Foglia's manager, Teri Gray, was aware of the harassment of Kimberly Foglia by Ruth Long based on Kimberly Foglia's disability as was David Squire of Human Resources and the President of Beaumont.

25. Beaumont was on notice regarding the harassment of Kimberly Foglia creating a hostile work environment based on her disability by Ruth Long, but failed to take prompt remedial measures resulting in Kimberly Foglia continuing to be subject to the harassment.

26. As a direct result of the hostile work environment which Kimberly Foglia had to endure due to the harassment based on her disability, Plaintiff suffered, or continued to suffer, injuries and damages, including, but not necessarily limited to, loss of wages, and mental and emotional distress, as well as costs and attorney's fees.

WHEREFORE, Plaintiff Kimberly Foglia respectfully requests this Honorable Court award her all damages allowed under the Michigan Persons with Disabilities Civil Rights Act against Defendant including, but not necessarily limited to, lost wages, exemplary damages, consequential

damages, damages for emotional and mental distress, punitive damages, attorney's fees, costs and interest.

## COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

27. Plaintiff reincorporates and re-alleges the above stated paragraphs as though more fully stated herein.

28. Plaintiff Kimberly Foglia was subject to a hostile work environment harassment based on her disability, including, but not necessarily limited to, from a co-worker Ruth Long, in violation of the Americans with Disabilities Act.

29. The comments made by Ruth Long relating to Kimberly Foglia's disability included, but were not necessarily limited to, comments to the effect of:

    A. Oh, you finally made it to work.
    B. You finally decided to work.
    C. Oh, Kim has another doctor's appointment, that's why she can't come to work.
    D. She's saying it's terminal, she's awfully young to be terminal.
    E. Made statements regarding Kimberly Foglia and her children being diagnosed with cancer to the effect of, "it's a coincidence you all now have cancer."
    F. Made comments to the effect that Kimberly Foglia was too young to have cancer.
    G. When Kimberly Foglia returned after having surgery on her neck with scars, Ruth Long made a comment to the effect that Kimberly looked like Frankenstein.
    H. Ruth Long also made comments to Kimberly Foglia to the effect of "she had the good kind of cancer."

30. Kimberly Foglia also experienced that when she would be assigned to Ruth Long that Ruth Long would essentially "go on strike" and would not do any work making Kimberly Foglia do all of the work.

31. Ruth Long would follow Kimberly Foglia to the bathroom, hide behind the door, hide behind curtains and look to see what Kimberly Foglia was doing.
32. After Kimberly Foglia was diagnosed with cancer, Ruth Long's bullying and targeting became much worse.
33. All of the above comments were sufficiently severe and pervasive to have the effect of subjecting Plaintiff Kimberly Foglia to a hostile work environment based on her disability.
34. The harassment which she experienced based on her disability impacted Kimberly Foglia's work. Kimberly Foglia was a contingent Nurse Assistant and after Ruth Long made it a practice to subject her to a hostile work environment based on her disability, she requested less days and hours in order to avoid having to work with Ruth Long.
35. Kimberly Foglia made her manager Teri Gray aware that Ruth Long was targeting her.
36. There had been an incident in September 2017 which Kimberly Foglia reported to Human Resources on September 18, 2017 when Ms. Long vigorously shook her closed fist with a pointed finger in Ms. Foglia's face.
37. Kimberly Foglia made a report to David Squire in Human Resources in or about September 2017, where there had been an incident where Ruth Long had gotten in Kimberly Foglia's face waving her finger in Kimberly Foglia's face and sputtering at Kimberly Foglia.
38. After Kimberly Foglia's complaints about Ruth Long to Human Resources in September, 2017, Ruth Long was suspended but reinstated.
39. After she was reinstated, Ruth Long referred to the Union as her "army".
40. There was an incident of April 4, 2018 when Ms. Long stated to Ms. Foglia "payback". Ms. Foglia made a report of the incident to the Police.
41. Ruth Long's employment with Beaumont was ultimately terminated after the incident of April 2018.

42. Beaumont was on notice regarding the harassment of Kimberly Foglia by Ruth Long based on Kimberly Foglia's disability. Kimberly Foglia's manager, Teri Gray, was aware of the harassment of Kimberly Foglia by Ruth Long based on Kimberly Foglia's disability as was David Squire of Human Resources and the President of Beaumont.

43. Beaumont was on notice regarding the harassment of Kimberly Foglia creating a hostile work environment based on her disability by Ruth Long, but failed to take prompt remedial measures resulting in Kimberly Foglia continuing to be subject to the harassment.

44. As a direct result of the hostile work environment which Kimberly Foglia had to endure due to the harassment based on her disability, Plaintiff suffered, or continued to suffer, injuries and damages, including, but not necessarily limited to, loss of wages, and mental and emotional distress, as well as costs and attorney's fees.

WHEREFORE, Plaintiff Kimberly Foglia respectfully requests this Honorable Court award her all damages allowed under the Americans with Disabilities Act against Defendant including, but not necessarily limited to, lost wages, exemplary damages, consequential damages, damages for emotional and mental distress, punitive damages, attorney's fees, costs and interest.

Respectfully submitted,
THE CORTESE LAW FIRM, PLC

/s/Nanette L. Cortese
Nanette L. Cortese (P-43049)
Attorney for Plaintiff
8071 Main St, Suite B
Dexter, Michigan 48130
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

Dated: May 6, 2019

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

KIMBERLY FOGLIA,

    Plaintiff,

v.                                    Case No:
                                         HON.

BEAUMONT HEALTH,

    Defendant.

---

THE CORTESE LAW FIRM, PLC
Nanette L. Cortese (P43049)
Attorney for Plaintiff
8071 Main St, Suite B
Dexter, Michigan 48130
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

---

## JURY DEMAND

NOW COMES Plaintiff, Kimberly Foglia, by and through her attorneys, The Cortese Law Firm, PLC, and hereby respectfully demands a trial by jury on all issues allowed by law.

                                                  Respectfully submitted,
                                                  THE CORTESE LAW FIRM, PLC

                                                  /s/Nanette L. Cortese
                                                  Nanette L. Cortese (P-43049)
                                                  Attorney for Plaintiff
                                                  30200 Telegraph Road, Suite 400
                                                  Bingham Farms, MI 48025
                                                  (248) 593-6933/fax (248) 593-7933
                                                  ncortese@thecorteslawfirm.com

Dated: May 6, 2019